IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL WALDRON,<br><br>        Plaintiff,<br><br>    v.<br><br>HI-SPEED CHECK WEIGHER CO.,<br>INC., and DOES 1 through 20, inclusive,<br><br>        Defendants. | CIV- F-04-5860 AWI SMS<br><br>ORDER DISMISSING<br>DEFENDANT<br><br>ORDER DIRECTING<br>PLAINTIFF TO FILE STATUS<br>REPORT OR DISMISSING<br>REMAINING ACTION |

      On January 26, 2006, the parties filed a stipulation for voluntary dismissal of Hi-Speed Check Weigher Co., Inc. with prejudice from this matter. The notice is signed by the parties who have appeared in this case.

      Rule 41(a)(1), in relevant part, reads:

> an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

Rule 41(a)(1)(ii) thus allows the parties to dismiss an action voluntarily, after service of an answer, by filing a written stipulation to dismiss signed by all of the parties who have appeared, although an oral stipulation in open court will also suffice. Carter v. Beverly Hills Sav. & Loan Asso., 884 F.2d 1186, 1191 (9th Cir. 1989); Eitel v. McCool, 782 F.2d 1470, 1472-73 (9th Cir. 1986). Once the stipulation between the parties who have appeared is properly filed or made in open court, no order of the court is necessary to effectuate dismissal. Fed. R. Civ. Pro.

41(a)(1)(ii); Eitel, 782 F.2d at 1473 n.4. "Caselaw concerning stipulated dismissals under Rule 41(a) (1) (ii) is clear that the entry of such a stipulation of dismissal is effective automatically and does not require judicial approval." In re Wolf, 842 F.2d 464, 466 (D.C. Cir. 1989); Gardiner v. A.H. Robins Co., 747 F.2d 1180, 1189 (8th Cir. 1984); see also Gambale v. Deutsche Bank AG, 377 F.3d 133, 139 (2d Cir. 2004); Commercial Space Mgmt. Co. v. Boeing Co., 193 F.3d 1074, 1077 (9th Cir. 1999) cf. Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997) (addressing Rule 41(a)(1)(I) dismissals). "The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice," and the dismissal "automatically terminates the action as to the defendants who are the subjects of the notice." Wilson, 111 F.3d at 692; Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995).

Therefore, IT IS HEREBY ORDERED that:

1. Defendant Hi-Speed Checkweigher Co., Inc., is DISMISSED from this action; and
2. Plaintiff is DIRECTED to file a status report, indicating Plaintiff's attempts to serve the Doe Defendants, or dismiss the remaining action by February 24, 2006.

IT IS SO ORDERED.

Dated:     **January 27, 2006**            **/s/ Anthony W. Ishii**
0m8i78                                                    UNITED STATES DISTRICT JUDGE

2